UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JARA C. UZENDA,
Plaintiff-Appellant,

v.

No. 97-1841

AMERICAN REPUBLIC INSURANCE
COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CA-96-304-4-22)

Submitted: May 19, 1998

Decided: June 3, 1998

Before MURNAGHAN and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jara C. Uzenda, Appellant Pro Se. Mark Wilson Buyck, Jr., WILL-
COX, MCLEOD, BUYCK & WILLIAMS, P.A., Florence, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jara C. Uzenda appeals the district court's grant of summary judg-
ment in favor of American Republic in her breach of contract claim.
Finding no error in the district court's order, we affirm.

This Court reviews a grant of summary judgment de novo. See
Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th
Cir. 1988). Summary judgment is properly granted when there are no
genuine issues of material fact and when the record taken as a whole
could not lead a rational trier of fact to find for the non-moving party.
See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reason-
able inferences are to be drawn in favor of the non-moving party. See
Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980).

Uzenda was a career agent for American Republic. Her suit
involves the payment of commissions following the termination of the
contract between the parties. According to Uzenda, the contract provi-
sion regarding these payments is ambiguous and should be construed
against American Republic. We agree with the district court, how-
ever, that the contract is not ambiguous. Rather, the contract clearly
states that an agent's commissions vest in accordance with the terms
of the contract, the Commission Schedules, and the Vesting Schedule.
The Vesting Schedule, in turn, provides that "if termination of an
agent's contract occurs after the anniversary date of the agent's con-
tract," the agent will receive a percentage of her commissions based
upon the length of the agent's service with the company.

We have considered all of Uzenda's arguments suggesting alterna-
tive interpretations and find them to be without merit. Accordingly,
we affirm the district court's grant of summary judgment in favor of
American Republic. We dispense with oral argument because the
facts and legal contentions are adequately presented in the materials

2

before the Court and argument would not aid the decisional process.

AFFIRMED

3